UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAWRENCE WHITE, ET AL | CIVIL ACTION NO. 20-cv-918 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| HOBBY LOBBY STORES INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Lawrence White and Tammy White, individually and on behalf of her minor child P.M., filed this civil action in state court for damages arising out of a motor vehicle accident. Defendants Chelsea Lynn Bridges, Hobby Lobby Stores, Inc., and American Insurance Company removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations contained in the notice of removal are sufficient with two exceptions.

Prior to removal, the law firms of Simien & Miniex, APLC and Galloway Jefcoat, LLP, filed petitions for intervention. The notice of removal recognizes that there must be diversity of citizenship between the law firm intervenors and the defendants in the case, Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005), and the notice alleges that both law firms are citizens of Louisiana. The notice of removal does not, however, adequately describe the citizenship of the two law firms to determine whether they are diverse from defendants.

The removing defendants must file, no later than **August 14, 2020**, an amended notice of removal that specifically alleges the citizenship of both intervenors. Attorneys associated with the intervening law firms are directed to promptly provide counsel for the removing parties with the necessary citizenship information.

The name of Simien & Miniex, APLC suggests that it is a professional law corporation. If that is correct, the amended notice of removal will need to state with specificity (1) the state in which the firm is incorporated, and (2) the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Galloway Jefcoat, LLP alleges that it is a limited liability partnership. As an unincorporated association, its citizenship is determined by looking to the citizenship of each of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). The amended notice of removal must specifically allege the citizenship of every member of Galloway Jefcoat. Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of July, 2020.



Mark L. Hornsby
U.S. Magistrate Judge