UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LAWRENCE WHITE, ET AL        CIVIL ACTION NO. 20-cv-918 LEAD

VERSUS        JUDGE S. MAURICE HICKS, JR.

HOBBY LOBBY STORES, INC, ET AL        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Lawrence and Tammy White, represented by attorneys John Jefcoat and Kimberly Souriyakhamphong, filed this civil action individually and on behalf of minor child P.M. to recover damages they incurred as a result of a motor vehicle accident. Early in the proceedings, counsel for Plaintiffs withdrew and substituted attorney Wesley Elmer. Doc. 17. Elmer filed a motion to withdraw in July 2023 to due to fundamental disagreements with his clients as to the handling of the case. Elmer represented that he served each plaintiff with a copy of his motion and a letter that explained that he was moving to withdraw.

The court issued an order (Doc. 45) that granted Elmer's motion to withdraw. The order stated that Plaintiffs were "strongly encouraged to retain new counsel" and granted each Plaintiff more than a month, until August 11, 2023, to either (1) enroll new counsel to represent them (2) file with the court a written statement that they intend to represent themselves. The order warned: "Failure to take one of those steps by August 11, 2023 may result in Plaintiffs' case being dismissed, without further notice, for failure to prosecute." On August 7, 2023, both Plaintiffs requested an extension of time to comply with the order.

The court extended the deadline to September 15, 2023. Docs. 46-49. The September 15, 2023 deadline has passed, but there has been no action of record by either Plaintiff or an attorney acting on their behalf.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

The court provided ample time for Plaintiffs to secure new counsel or indicate their desire to proceed without counsel. Plaintiffs have not taken even the simple step of alerting the court that they desire to proceed on their own. It is highly unlikely that plaintiffs who are unwilling to take such a simple step are interested enough in their case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of September, 2023.

Mark L. Hornsby
U.S. Magistrate Judge

Page 3 of 3